De Forest C. Pitt, J.
This article 78 proceeding is brought to obtain judgment annulling the determination of the respondent, Water Resources Commission, wherein it approved the application of the Cayuta Lake Property Owner’s Association, Inc., for a permit to construct a dam on the Cayuta Lake outlet in the Town of Catherine, Schuyler County, New York, pursuant to section 429-c of the Conservation Law. It is also specifically requested that the court direct that any new o.r further determination by the Water Resources Commission be made with the approval of the Property Owner’s Association and only upon the consent of the petitioners as owners of the majority of lands and lake shore and only upon the direction that provision *429 be made for the payment of any and all damages suffered by petitioners and other riparian owners.
At the outset it is to be noted that the subject permit expressly provided that it should not be construed as conveying to the applicant any rights to trespass upon the lands of others, nor did it authorize the impairment of any rights of others in real or personal property. It appears that on the administrative hearing which preceded the subject determination, the petitioners maintained that the proposed dam and the resultant rise in the water level of the lake would cause damage to their property and made a factual showing of the occurrence of the same during the existence of a temporary dam previously constructed under a permit issued upon the agreement of the parties concerned.
Under section 429-c of the Conservation Law, the duty was upon the commission to determine, in this instance, whether the proposed construction would be contrary to the public interest and whether it would endanger the health, safety and welfare of the People of the State of New York or natural resources. Implicit in the above statement is the distinction between the public interest and the private interest of the petitioners. The area of concern of the respondent commission is clearly found in an examination of article 5 of the Conservation Law and is emphasized particularly by a reading of section 429-j, which by its provision reserves to individuals the right of action for damages or other relief upon the occasion of private loss.
Supporting the above analysis is the case of Matter of Sperry Rand v. Water Resources Comm. (30 A D 2d 276 [3d dept., 1968]), wherein the court stated on page 279: “ The respondent is correct when it argues that its concern with an application for a permit under article 5 is properly with the public interest and not with the competing interests of two adjacent landowners in a water supply for their purely private interests. The resolution of such private interests has been left by article 5 (see § 429-j) to the parties themselves and such redress as the court of this State may provide. We assume that the contention of an objectant as to the effect an approval will have on his private interests is to be considered in determining the public interest issue, but the weight to be given to the proof submitted by a private interest is for the commission, and it appears that the commission has found the proposed well to be in the public interest for good and sufficient reasons.”
Accordingly, it is determined that the objections raised by the petitioners to the granting of the subject permit were not *430 directly germane to the issues to be determined by the commission, at least to the extent that the same affected their purely private interests.
The above is of moment when consideration is given to the petitioners’ position that the granting of the subject permit was arbitrary on the part of the commission and represented an abuse of its discretion. Coincidentally with this it may be noted that it is of no moment whatsoever that this court may well have reached a different conclusion than the commission. Important only is the fact that this court finds upon examination of the papers presented, that there was a sufficient factual showing as to enable the respondent commission to reach its determination without being violative of the statutory safeguard. (CPLR, art. 78.)
Upon the question of illegality, it is agreed by the parties that the Conservation Law does not confer upon the Water Resources Commission the authority or jurisdiction to regulate or control lake levels, absent specific legislative directive. (Niagara Mohawk Power Corp. v. Town of Altamont, 27 A D 2d 617 [3d Dept., 1966]; People v. System Props., 2 N Y 2d 330 [1957].) However, the court is constrained to agree with the respondent’s position on this matter. Notably, the subject permit does not mandate a lake level, but again merely determines that the project is not contrary to the public interest provided that the crest of the dam is at a stated elevation and provided certain other conditions are met. Having determined that the project will not have an adverse effect upon the public health, safety or welfare or the natural resources of the State providing the water does not rise a certain level, the determination does not mandate the construction of the dam nor does it require the raising of the lake level.
Accordingly, it appears from the papers before this court the .respondent commission acted in the scope of its authorities and duties under article 5 of the Conservation Law, leaving completely open to private litigation the Association’s duties, obligations and rights as the same related to not the public-interest but the private interest of the petitioners and others.
Accordingly, judgment will be granted dismissing the proceeding. The above renders it unnecessary to treat specifically the motion to dismiss upon objections in point of law.