Jacob Ark, J.
This is an article 78 proceeding in which the petitioner, a New York not-for-profit corporation, made up of *266 members who reside or own real property on or around Canandaigua Lake, seeks to annul and vacate the determination and letter of intent made by the respondent Department of Environmental Conservation of the State of New York (herein Department) which conditionally granted the application of respondent Bristol Recreation Systems, Inc. (herein Bristol) after a hearing, for the construction of a docking facility on the west shore of the lake north of Seneca Point in the Town of South Bristol, Ontario County.
The dock in question is to be used in connection with a yacht club that will be part of a housing development consisting of single-family dwellings and condominium apartments. A permit is necessary as the proposed facility will extend into the lake approximately 100 feet from the mean low water line and under the Conservation Law (§ 429-c, subd. 4, par. [4]) there is exempt from this requirement a dock that extends into navigable water for a distance of less than 40 feet from the shore line.
In the alternative, the petitioner maintains that in this proceeding there is involved an issue as to whether the determination is supported by substantial evidence within the purview of subdivision 4 of CPLR 7803 and therefore an order should be made transferring it to the Appellate Division, Fourth Department, pursuant to CPLR 7804 (subd. [g]). It is the respondents’ position that the former Water Resources Commission, whose functions were transferred to the Department of Environmental Conservation (L. 1970, ch. 140, eif. July 1, 1970) did not hold the hearing “ pursuant to direction by law ” as provided for under subdivision 4 of CPLR 7803, but authorized it by virtue of the discretion vested in it by paragraph (4) of subdivision 3 of section 429-c of the Conservation Law, which provides: “If in the opinion of the Commission such construction of a dam or impoundment structure, or dock, pier or wharf, would possibly result in such damage to the waters of the state or the banks and shores thereof as to endanger the health, safety and welfare of the people of the State of New York or the loss, damage or destruction of the natural resources of the state, including forests, soil, water, fish and wildlife, the Commission may hold a public hearing in connection with the application for the permit hereinabove provided.
“The provisions of Part 4 of this article with respect to administrative proceedings shall be applicable to hearings under this section,”
*267 The Part 4 referred to in the aforesaid section pertains to administrative procedure, and under paragraph (a) of subdivision (3) of section 431 thereof it is provided: “ The commission and hearing officers designated by it pursuant to this article shall not be bound by the laws of evidence in the conduct of hearing proceedings, but every decision and order shall be founded upon competent, material evidence which is substantial in view of the entire record.”
The petitioner states that since a determination made as the result of a hearing under paragraph (a) of subdivision (3) of section 431 of the Conservation Law must be based “ upon competent, material evidence which is substantial in view of the entire record ”, and the question raised under subdivision 4 of CPLR 7803 is “whether a determination made as a result of a hearing held * * * is, on the entire record, supported by substantial evidence ”, such similarity in language requires a direction that the proceeding be transferred to the Appellate Division, Fourth Department, under subdivision (g) of CPLR 7804.
These two provisions differ, however, in that under subdivision 4 of CPLR 7803 the determination is dependent upon the result of a hearing at which evidence was taken “ pursuant to direction by law ”, whereas the determination in this proceeding was based upon evidence adduced at a hearing which was discretionary with the commission (Conservation Law, § 429-c, subd. 3, par. [4] [Part 3-A, Use and Protection of Waters]), unlike other sections of the Conservation Law (§ 438, subd. [2] [Part 5, Water Resources Planning and Development] and § 451, subd. [2] [Part 6, Water Supply]), where the statute directs that the commission “ will hold a public hearing ”, and therefore a review of a determination under those sections would come within the orbit of subdivision 4 of CPLR 7803.
In Matter of 125 Bar Corp. v. State Liq. Auth. (24 N Y 2d 174, 180) the court said: “ Since this article 78 proceeding was a review of an administrative determination not resting on a hearing mandated by law, Special Term should have determined the matter.”
Carmody-Wait, New York Practice (vol. 24, p. 199, § 145:354; effect on erroneous procedure) states: “ Neither the transfer of a proceeding to the Appellate Division which should have been disposed of at the Special Term, nor the converse thereof, is conclusive. The CPLR states that when the proceeding comes before it, whether by appeal or transfer, the Appellate Division *268 shall-dispose of all issues in the proceeding, or, if the papers are insufficient, it may remit the proceeding.
“ If a matter subsequently comes before the Appellate Division, although it should have been transferred to the Appellate Division in the first instance, the Appellate Division will treat the proceeding as if it had been properly transferred. Where the matter is passed upon by the Special Term, instead of being transferred, and then is appealed to the Appellate Division, the Appellate Division will treat the matter as though it had been properly transferred to it.”
The appellate courts have passed upon determinations in article 78 proceedings that were improperly considered by Special Term in the first instance, which should have been transferred to the Appellate Division at the outset (Matter of D. H. K. Rest. v. New York State Liq. Auth., 31 A D 2d 525) and confirmed a determination in a proceeding transferred to it which should have been initially disposed of by Special Term on the merits (Matter of Circle Cts. v. Lane, 29 A D 2d 620).
The quantum of proof required to support a determination by an administrative board — arbitrary and capricious or substantial evidence — is not an issue in this proceeding, as the statute decrees that it “ shall be founded upon competent, material evidence which is substantial in view of the record.” (Conservation Law, § 431, subd. [3]).
The court has carefully reviewed the more than 1,100 pages contained in the stenographic record of the hearing and examined the exhibits received in evidence. Many pages are devoted to the testimony of those who have resided at the lake for many years and strenuously object to the construction of a large project which they fear will increase boat traffic that will add oil, gasoline and other pollutants to the water, change the character of the immediate area and interfere with the privacy they enjoyed. Since a large housing development has brought about the request for .docking facilities, it is obvious that they have not had the protection of a zoning ordinance which would have averted the situation which they consider as the use of a part of the public domain for private exploitation.
In construing section 429-c of the Conservation Law, the court in Matter of Allen v. New York State Water Comm. (59 Misc 2d 428) pointed out that the paramount question for the Water Resources Commission to decide in the issuance of a permit was whether it was in the public interest, without endangerment to the health, safety and welfare of the people of the State or natural resources, and impliedly held that private interests must accordingly be subordinated to the primary concern.
*269 The respondent Department concluded that the Bristol application was reasonable and necessary, that it will not adversely affect the natural resources and will be in the public interest.
The very nature of this proceeding called for technical testimony and witnesses were sworn who gave such proof in support of and in opposition to the application. It is of no consequence how impressed the court may have been by the testimony of an expert witness either for or against the application. The probative value to be placed on such evidence was the function of the respondent Department. 1 ‘ The weight to be given such opinion evidence is ordinarily for the tribunal charged with a decision on the facts.” (Matter of Comr. of Welfare of City of N. 7. v. Simon, 20 A D 2d 865, 866).
In Matter of Glashow v. Allen (27 A D 2d 625, 626) the court found that there was substantial evidence to support the findings of a board and said: ‘ ‘ Where the conflicting evidence upon which reasonable men might differ leaves room for choice, the court may not weigh the evidence or reject the choice made by the administrative board.”
In Matter of Stork Rest. v. Boland (282 N. Y. 256, 267) the court said: ‘ ‘ Where there is conflict in the testimony produced before the Board, where reasonable men might differ as to whether the testimony of one witness should be accepted or the testimony of another witness be rejected, where from the evidence either of two conflicting inferences may be drawn, the duty of weighing the evidence and making the choice rests solely upon the Board. The courts may not weigh the evidence or reject the choice made by the Board where the evidence is conflicting and room for choice exists.”
This court cannot consider the Bristol application de novo and it cannot say that the evidence in this proceeding weighs so heavily against the applicant for the permit that the determination cannot be sustained. Leathersich v. New York State Water Resources Comm. (57 Misc 2d 856, affd. 33 A D 2d 714, mot. for Iv. to app den. 26 N Y 2d 610) was a proceeding under the same article 5 of the Conservation Law with which we are here concerned. The court said (p. 860): “ The determination may not hinge on whether or not public opinion is for or against, although such factors may be considered, nor may it be predicated on whether or not this court agrees or disagrees with the result reached, since this court must not substitute its judgment for that of the respondent.”
The petitioner urges that the Department acted in excess of its jurisdiction in making the determination and issuing its *270 letter of intent, as the applicant, Bristol Recreation Systems, Inc., failed to show that the ‘£ design, preparation of plans, estimates and specifications and the supervision of the erection * * * shall be done by a licensed professional engineer ” as provided by subdivision 5 of section 429-c of the Conservation Law. Although several motions for dismissal of the proceeding were made on different days of the hearing specifically directed to the applicant’s failure to comply with this section of the statute, there was no attempt made to furnish this proof before the hearing officer.
The Department has made a part of its answer the affidavit of Paul H. Russell, Jr. in which he states that he is a professional engineer licensed in the State of New York, that he is a partner in the engineering firm of Harnish and Lookup Associates, and that the plan which is part of Bristol’s application was prepared by him and he inadvertently neglected to sign it. It would serve no useful purpose to remand this proceeding to the Department for the purpose of reopening the hearing merely to supply this information, especially in view of the fact that this proof is obtainable under the conditions attached to the granting of the permit, as 6 NYCRR 611.13 provides that after a final hearing the central permit agent may £ £ require further information from any of the parties * * * as he may deter-
mine to be necessary ”.
The determination is confirmed and the petition is dismissed.