OPINION OF THE COURT
John O’C. Conway, J.
This is a CPLR article 78 proceeding brought by the petitioner, the City of Syracuse, against the New York State Department of Environmental Conservation and its Commissioner, Robert Flacke (hereinafter collectively referred to as DEC), and John H. Mulroy, County Executive of the County of Onondaga and Onondaga County (hereinafter collectively referred to as Onondaga County). The petition seeks a judgment annulling in part a decision of the DEC dated August 6, 1981; requiring the respondents to produce a final environmental impact statement (FEIS) that meaningfully addresses the issues raised in the petition; directing a further hearing to allow public review of subject matter which petitioner alleges was not adequately treated; directing a supplemental environmental impact statement (EIS) and hearing when the final plans for the project are available, and enjoining respondents from issuing any permits with respect to the resource recovery plant and the attendant steamline until such time as a supplemental EIS is prepared.
*565 The article 78 proceeding came on before this court at Special Term held in and for the County of Onondaga on January 4, 1982, and was adjourned by the court for further proceedings until January 5,1982. Respondents, in their answering papers and briefs, have requested that the matter be transferred by this court to the Appellate Division, Fourth Department, pursuant to CPLR 7804 (subd [g]). The petitioner has objected to such a transfer and has submitted a memorandum of law in support of its position that the matter should be disposed of at Special Term. The court, after hearing the parties on January 4, 1982 and January 5, 1982, has reserved decision on the preliminary issue of whether or not transfer to the Appellate Division is required by CPLR 7804 (subd [g]).
CPLR 7804 (subd [g]) provides in part: “Where an issue specified in question four of section 7803 is not raised, the court in which the proceeding is commenced shall itself dispose of the issues in the proceeding. Where such an issue is raised, the court shall make an order directing that the proceeding be transferred for disposition to a term of the appellate division held within the judicial department embracing the county in which the proceeding was commenced”. CPLR 7803 provides in part as follows: “The only questions that may be raised in a proceeding under this article are: * * * 4. whether a determination made as a result of a hearing held, and at which evidence was taken, pursuant to direction by law is, on the entire record, supported by substantial evidence.” A hearing was had in the instant proceeding and commenced on March 24,1981. The hearing, which was both a conceptual review hearing, and a hearing on a draft environmental impact statement, consumed 21 days of testimony, after which the aforementioned decision of the DEC, dated August 6,1981, was rendered. Petitioner maintains that the hearing was not held “pursuant to direction by law” and that therefore the mandatory transfer provision of CPLR 7804 (subd [g]) is inapplicable. In support of its position, the petitioner submitted a memorandum of law to the court wherein it argues that the appropriate sections of the Environmental Conservation Law (ECL) and the rules and regulations of the Department of Environmental Conservation (6 *566 NYCRR) do not require a hearing, but rather provide for a discretionary hearing. As such, the petitioner concludes that the hearing was not required by law and that therefore the transfer provision of CPLR 7804 does not apply. In support of its position, the petition cites Matter of Save the Pine Bush v Planning Bd. of City of Albany (83 AD2d 741) for the proposition that a mere allegation that a decision is not supported by substantial evidence in the record does not mandate transfer to the Appellate Division. The Save the Pine Bush decision holds that the court itself should determine whether or not transfer is appropriate. In further support of its position that this matter should be decided by Special Term, petitioner cites Matter of Canandaigua Lake Pure Waters Assn. v Department of Environmental Conservation of State of N. Y. (70 Misc 2d 265, affd 39 AD2d 821).
Both respondent county and respondent DEC oppose petitioner and assert that this matter must be transferred to the Appellate Division. Respondents counter the argument of the petitioner that the hearing was discretionary and submit that the relevant statutes require that a hearing be held in this matter.
The hearing which was held was done so pursuant to ECL 70-0119. Respondent suggests therefore that the determination of whether or not the hearing was held pursuant to direction by law must be made after an analysis of that section. After a careful review of ECL 70-0119, it is apparent to the court that a hearing is not required in the case of every application to the DEC for a permit. Rather, the section provides that the application, together with other available input, must be evaluated after the application is complete to determine whether or not a public hearing should be conducted. The section goes on to provide that “where any comments received from members of the public or otherwise raise substantive and significant issues relating to the application and resolution of any such issue may result in denial of the permit or the imposition of significant conditions thereon, the department shall hold a public hearing on the application.” (ECL 70-0119, subd 1.) This court takes judicial notice of the fact that any application for a permit for a resource recovery *567 plant in a metropolitan area will, in and of itself, raise significant issues which could result in denial of the permit or a grant of the permit with significant conditions attached thereto.
ECL 70-0119, when read in conjunction with the pending matter, requires a finding that the hearing held by the DEC was mandatory in that it was “held * * * pursuant to direction by law”.
Accordingly, this court finds that there was evidence taken in this proceeding and a hearing held pursuant to law and that the petition raises a question as to whether the determination made as a result of that hearing is, on the entire record, supported by substantial evidence. Therefore, the instant article 78 proceeding is transferred, in its entirety, to the Appellate Division, Fourth Department.
A proposed order transferring the proceeding to the Appellate Division having been submitted previously to the court by the respondent DEC, and said order being in line with the decision of the court herein, the court is this date signing a transfer order.