In the Matter of ISIDORE WEINSTOCK, Respondent, against THOMAS W. HAMMOND, as Sanitation Commissioner of the City of New York, Appellant.

(Argued January 8, 1936; decided March 3, 1936.)

*Paul Windels, Corporation Counsel (Seymour B. Quel, Paxton Blair* and *Charles E. Ramsgate* of counsel), for appellant. The four months' period of limitation prescribed by section 1288 of the Civil Practice Act for the obtaining of certiorari orders commenced to run on the date when the relator was dismissed, and was not affected by the conditional power of the defendant to rehear the charges. (*People ex rel. Cook* v. *Hildreth,* 126 N. Y. 360; *Matter of Dachs* v. *Ward,* 236 App. Div. 174; *Matter of Frank* v. *Board of Education,* 217 App. Div. 761; 243 N. Y. 603.)

*Arthur A. Fink* for respondent. The four months' limitation provided by section 1288 of the Civil Practice Act begins to run from the time a rehearing has been denied, from the date of the decision on a rehearing of the original charges, or from the date of the expiration of the time within which a rehearing can be procured. (*New York Central R. R. Co.* v. *Public Service Comm.,* 238 N. Y. 132.)

LOUGHRAN, J. The only question presented relates to limitations upon the granting of orders of certiorari.

On July 31, 1934, the relator, after a trial on charges, was dismissed from his service in the Department of Sanitation of the City of New York. As head of that department, the defendant has power to rehear the charges and to reinstate the relator in accordance with section 1543-b of the charter of the city (Laws of 1901, ch. 466). It is thereby provided: " The head of a city department

or any other officer, board or body of the city, or of a borough, or of a county, vested with the power of appointment and employment, except as to members of the uniformed forces under the jurisdiction of the police commissioner and the fire commissioner, upon written application by the person aggrieved, setting forth the reasons for demanding an opportunity for making a further explanation, shall have the power, in his discretion, to rehear the explanation and any new matter offered in further reply to the charges or complaint upon which such person was dismissed from the service, provided that such person shall waive, in writing, all claim against the city of New York for back pay. Such application for another opportunity to explain shall only be presented to, and granted by the officer who made the removal or to the immediate successor of the removing official when the applicant for the further explanation makes it appear, by affidavit, that on a further chance to explain he can produce evidence such as if before received would probably have changed the decision; if such evidence has been discovered since the previous explanation, it is not cumulative; and the failure to produce it at the first explanation was not owing to want of diligence. No reinstatement by a successor shall be made where the applicant has been removed more than two years, nor without the consent of the mayor. If upon the further explanation such head of department or other officer, board or body determine that such person has been illegally or unjustly dismissed, such head of department or other officer, board or body, in his discretion, may, upon the approval in writing of the municipal civil service commission, reinstate such person." (Laws of 1913, ch. 302; amd. L. 1914, ch. 471.)

Without invoking the discretion committed to the defendant by the foregoing charter provision, the relator, on May 31, 1935, obtained *ex parte* an order of certiorari to review the determination of July 31, 1934. This order was vacated by the Special Term on the defendant's motion, because " a certiorari order to review a deter-

mination must be granted and served within four calendar months after the determination to be reviewed becomes final and binding, upon the petitioner or the person whom he represents, either in law or in fact." (Civ. Prac. Act, § 1288.)

On appeal by the relator to the Appellate Division, the refusal of certiorari was affirmed, with the modification that it should be without prejudice to a new application in accordance with section 1286 of the Civil Practice Act. That section, so far as material, provides that certiorari cannot be granted: " 3. Where the body or officer making the determination is expressly authorized, by statute to rehear the matter upon the petitioner's application; unless the determination to be reviewed was made upon a rehearing, or a rehearing has been denied, or the time within which the petitioner can procure a rehearing has elapsed." The Appellate Division held that the four months' limitation prescribed by section 1288 of the Civil Practice Act will not begin to run against the relator until he is denied a rehearing under section 1543-b of the city charter or his right to apply for such a rehearing expires. The defendant appeals from that ruling.

We think the order of the Appellate Division must be reversed and that of the Special Term affirmed.

Under section 1543-b of the city charter the defendant may reconsider his determination only if the relator waive all claim for back pay and make such additional showing as will probably change the decision. Power so conditioned is not, as we view it, the equivalent of authority " to rehear the matter " in the sense of section 1286 of the Civil Practice Act. (Cf. *Matter of N. Y. C. R. R. Co.* v. *Public Service Commission*, 238 N. Y. 132.) A large part of the grievance asserted by the relator is his loss of compensation in employment from which, so he claims, the defendant illegally removed him. To say that certiorari to review the defendant's determination is circumscribed by section 1543-b of the city charter

means that the relator must either renounce in part his alleged grievance or wait at least two years before resorting to the courts for relief. We think it could not have been the intention of the Legislature thus to limit or delay review of the determinations of bodies or officers in this class of cases.

It follows that the rights of the parties were finally determined by the result of the departmental proceeding and that certiorari to review that determination is barred by section 1288 of the Civil Practice Act.

The order of the Appellate Division should be reversed and that of the Special Term affirmed, without costs.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, CROUCH and FINCH, JJ., concur.

Ordered accordingly.