Per Curiam.

In this article 78 proceeding to compel the reinstatement of former seasonal barge canal employees of the Department of Public Works, the original petition was dismissed upon the ground that the proceeding was untimely brought, with leave, however, to amend. The amended petition alleges that when they asked to be allowed to resume work on April 1, 1955, each was advised “ by the person in charge, that he would not be allowed to work which was his first notice of an official firing ”; that they “ were then advised that they would not be reinstated”; that their 11 removal” was “ unlawful”; that they were dismissed and notified “ their services were to be discontinued as of the date hereinbefore stated”; that they *610 were removed and dismissed (emphasis supplied). We do not see how these allegations may be construed in any other way than as a demand and a refusal on April 1, 1955.
Assuming that petitioners came within the purview of subdivision 1 of section 22 of the Civil Service Law, and whether this application be deemed a proceeding to review a determination or to compel the performance of a duty, it would be barred. The limitation period commenced to run on April 1, 1955, which was more than five months prior to the commencement of this proceeding (Civ. Prac. Act, § 1286; Matter of O’Connell v. Kern, 287 N. Y. 297, 301; Matter of Colodney v. New York Coffee & Sugar Exch., 2 N Y 2d 149; Matter of Weinstock v. Hammond, 270 N. Y. 64).
Accordingly, the order of the Appellate Division should be reversed and the order of Special Term dismissing the petition reinstated.