In the Matter of CITY OF ROCHESTER, Petitioner, *v.* HOLLIS S. INGRAHAM, as Commissioner of Health of the State of New York, et al., Respondents.

Supreme Court, Monroe County, January 11, 1967.

*John R. Garrity, Corporation Counsel* (*Thomas R. Frey* of counsel), for petitioner. *Louis J. Lefkowitz, Attorney-General* (*Dunton F. Tynan, Julius Feinstein* and *Seth Towse* of counsel), for respondents.

DANIEL E. MACKEN, J. By application made August 4, 1965, petitioner sought reimbursement of operation and maintenance costs of its sewage treatment works for the fiscal year 1964–1965 as authorized by section 1263-c of the Public Health Law. By letter dated May 5, 1966, following a recommendation to that effect by the Monroe County Department of Health, petitioner was notified that respondent Commissioner of Health had rejected its application. This proceeding was commenced by notice and petition dated September 1, 1966 and served on the Commissioner of Health September 2, 1966.

Respondents move to dismiss the petition on the law on grounds (1) that the proceeding was not commenced within the time limited by subdivision 1 of section 1244 of the Public Health Law, and (2) that the respondent, Director Monroe County Department of Health, is not a necessary or proper party. With respect to the latter, it is apparent that the determination sought to be annulled is solely that of the State Commissioner of Health,

and respondents' motion to drop as a party the respondent Director of the Monroe County Department of Health is granted.

Petitioner contends that the 60-day limitation contained in subdivision 1 of section 1244 of the Public Health Law relates only to review of orders or determinations made in enforcement proceedings brought by the Commissioner under his power to enforce water pollution abatement. Respondent asserts that the limitation applies to all orders or determinations of the Commissioner made in the performance of the duties assigned to him by article 12 of the Public Health Law.

By chapter 666 of the Laws of 1949, article 12 (then designated art. 6) entitled "Water Pollution Control" was added to the Public Health Law and the administration of its provisions assigned to the Water Pollution Control Board created by that statute. By chapter 490 of the Laws of 1961, the Water Pollution Control Board was abolished; its functions transferred to the State Department of Health and the Water Resources Commission created by section 410 of the Conservation Law; and article 12, including section 1244, amended to substitute the words "Commissioner" or "Water Resources Commission" for previous references to the "Water Pollution Control Board". Title IX entitled "State Aid; Collection, Treatment and Disposal of Sewage", under which petitioner seeks reimbursement, was added to article 12 by chapters 320 and 321 of the Laws of 1962. By chapter 212 of the Laws of 1964 subdivision 1 of section 1244 was amended to require that application for review of orders or determinations of the Commissioner or the Water Resources Commission be made within 60 days after service of a copy of the determination.

It is apparent to me that title VI of article 12 entitled "Procedure" applies to and is confined to article 12 in its entirety and that the provisions of subdivision 1 of section 1244 apply to all orders or determinations of the Commissioner made in furtherance of the duties assigned to him by that article.

It follows that respondents' motion to dismiss the petition on the law must be granted. I have not considered the merits of the proceeding.