■Louis Gr. Bruhn, J.
This is an article 78 proceeding in which the petitioner seeks an order 11 annulling the determination of the New York ¡State Water Resources Commission in granting Application No. 1-1-66 Parkvil, Inc., Joseph J. Vitale, President, *857 which said application was made pursuant to section 429-b of the Conservation Law of the State of New York, and directing the said New York State Water Resources Commission to deny the said application No. 1-1-66 Parkvil, Inc., Joseph J. Vitale, president forthwith, and directing the applicant to remove fill he has placed under the waters of the State and for such other and further relief as to the court seems just and proper. ’ ’
The notice of motion herein continues:
“ That the said application is made on the following said grounds:
“A. The determination of the New York State Water
Resources Commission was made in violation of lawful procedure by error of law.
“ B. The determination of the New York State Water
Resources Commission was arbitrary and capricious.
!< C. The determination of the New York State Water
Resources Commission was made as a result of hearings where
evidence was taken, pursuant to direction by law and was not supported on the record by substantial evidence.”
The facts are briefly these:
The intervenor, pursuant to section 429-b of the Conservation Law which became effective January 1,1966, filed an application, dated January 26, 1966 with the respondent.
By memorandum of determination, dated March 23, 1967, the Central Permit Agent concluded, inter alia:
“ 15. After a thorough review of the proposal, the New York State Conservation Department, Division of Pish and Game feels that substantial damage may have been done to Northern Pike breeding potential by the applicant’s filling on his own land prior to the effective date of Conservation Law, Section 429-b but that completion of the project will cause little additional damage to the fish and wildlife resources of the lake. Consequently, they do not object to completion of the project.
“ 16. Benefits will be provided to the general public by the project through the development of improved swimming and recreation facilities, improved sanitation facilities and general redevelopment of the area.”
The memorandum then went on to indicate that certain conditions should be imposed as a condition to the granting of the permit.
Thereafter, the petitioner, pursuant to section 611.7 New York Codes, Rules and Regulations (6 NYCRR 611.7) filed an objection to the granting of any such permit and pursuant to section 611.13 of the same Codes, Rules and Regulations (6 *858 NYCRR 611.13) applied to the respondent to review the determination of the Central Permit Agent.
At a regular meeting of the respondent held on May 4, 1967 a resolution was passed which provided, inter alia:
‘ ‘ whereas, the Commission determines and decides that the said determination should be reviewed and that a public hearing in the matter should be held to establish a record to aid such review,
‘ ‘ how, therefore-, BE it resolved, that a public hearing in the matter be held at Geneseo, New York, in the immediate future on a date to be set by the Chairman, and “ be it further resolved, that the Chairman appoint a hearing officer to receive testimony and to submit to the Commission a report on his findings, together with the minutes thereof, and the exhibits submitted at the said public hearing.”
Pursuant thereto a public hearing which began July 13, 1967 and after adjournments to several other sessions was concluded December 20,1967.
The hearing officer’s report, dated March 4, 1968, containing findings of fact and a recommendation indicating support of the original determination of the Central Permit Agent thereon, as well as a confirmation of the issuance of the letter of intent to the petitioner, was duly filed with the respondent.
At another regular meeting of the respondent held on April 4, 1968 it was resolved, “ that the Hearing Officer’s Report and Findings numbered 1 through 18 are hereby approved and adopted by the Commission, and * * * That the Memorandum of Determination and Letter of Intent of the Central Permit Agent, both dated March 23, 1967, respectively, to Joseph J. Vitale, President of Parkvil, Inc., are hereby confirmed in all respects.”
Because of the respondent’s position that the “ arbitrary and capricious ’ ’ rather than the ‘ ‘ substantial evidence ’ ’ rule should prevail, some discussion should be had with regard to a possible procedural problem.
Such problem, if it does exist, may have more of a facet of academic interest than of material substance affecting any determination at this level.
CPLR 7803 provides, in part:
‘ ‘ The only questions that may be raised in a proceeding under
this article are:
£ £# #
“ 3. whether a determination was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion * * * or
*859 ‘ ‘ 4. whether a determination was made as a result of a hearing held, and at which evidence was taken, pursuant to direction by law is, on the entire record, supported by substantial evidence.” (Italics supplied.)
The respondent holds that since the instant hearing was not one held ‘ ‘ pursuant to direction by law ’ ’ but rather one conferred by discretion of the respondent, that subdivision 4 (supra) has no application either as to the substantial evidence rule or as to a transfer mandated by CPLR 7804 (subd. [g]).
The case of Matter of United States Tube & Foundry Co. v. Feinberg (7 A D 2d 591) seems to support such position, especially since, at pages 595-596, the court stated: “It is only where a hearing has been held and evidence taken pursuant to statutory direction that a transfer is to be made to the Appellate Division in the first instance to decide whether the determination to be reviewed is supported by substantial evidence (§ 1296, subds. 6, 7). As we view it hearings were not held in this matter pursuant to any statutory direction, although in conformity with the rule of the commission * * * In
this proceeding a hearing was held upon the request of the petitioner and was granted as a matter of discretion by the commission. The erroneous procedure adopted does not however constitute a reversible error because the statute requires us to dispose of the issues whether the transfer was proper initially or not.” (Italics supplied.)
Consequently, in view of the foregoing and since counsel, on the oral argument, indicated the matter was one for disposition at Special Term level, this court will undertake to make a determination.
Furthermore, as I indicated earlier the difference of procedure may involve more semantics than reality so far as ultimate disposition of the problem itself is concerned.
That conclusion flows from the fact that section 431 (subd. [3], par. [a]) of the Conservation Law provides: “ The Commission and hearing officers designated by it pursuant to this article shall not be bound by the laws of evidence in the conduct of hearing proceedings, but every decision and order shall be founded upon competent, material evidence which is substantial in view of the entire record.” (Italics supplied.)
In view of such statutory yardstick, any determination whether the action of the respondent was 1 ‘ arbitrary or capricious ” would have to be equated within its framework.
After reading over 1,600 pages of hearing ‘ ‘ testimony ’ ’, which incidentally would have been reduced almost in half if the petty haggling and bickering of counsel were eliminated; *860 after examining innumerable exhibits and weighing the matter in the light of the rules mentioned, it is the conclusion of the court that the ultimate determination was not arbitrary or capricious.
The determination may not hinge on whether or not public opinion is for or against, although such factors may be considered, nor may it be predicated on whether or not this court agrees or disagrees with the result reached, since this court must not substitute its judgment for that of the respondent.
Instead the determination must be resolved on the question of whether or not on the whole record the respondent acted arbitrarily or capriciously in reaching its determination.
And so to examine and dissect each objection raised, including whether certain aerial photographs, which ultimately were received, were precluded in violation of strict rules of evidence; whether the proceeding should have had strict or liberal rules of evidence prevailing at particular time; whether a witness should have been disqualified and his testimony wholly disregarded because while he possessed practical experience he did not have the academic qualifications he claimed, and other similar objections, would amount to nit-picking, which unfortunately seemed to pervade the hearings far beyond the propriety of a judicial or quasi-judicial proceeding.
In view of the foregoing, the application must be and hereby is dismissed on the merits.