In the Matter of J. HUNGERFORD SMITH Co., INC., Respondent, v. HOLLIS S. INGRAHAM, as Commissioner of Health of the State of New York, Appellant.

Third Department, June 18, 1969.

*Louis J. Lefkowitz, Attorney-General* (*Dunton F. Tynan, Ruth Kessler Toch* and *Stanley Fishman* of counsel), for appellant.

*Harris, Beach, Wilcox, Dale & Linowitz (James M. Hartman* and *Robert C. Gebhardt* of counsel), for respondent.

*Per Curiam.*  The Commissioner of Health appeals from an order of Special Term which denied his motion to dismiss the petition as untimely.  (See CPLR 217; art. 78; Public Health Law, § 1244, subds. 1, 2.)

On May 6, 1966 respondent and the Village of Victor were directed to answer charges that they were discharging inadequately treated sewage and industrial wastes into Great Brook, Ontario County, in contravention of standards promulgated under article 12 of the Public Health Law.  Following a hearing, the appellant on January 26, 1967 made an order, pursuant to section 1223 of the Public Health Law, directing respondent to cease and desist all discharges of industrial wastes on February 1, 1967 unless it should undertake certain actions and activities designed eventually to effect a more adequate treatment of discharges and industrial wastes from respondent's plant on or before October 1, 1967. Thereafter, on January 19, 1968 respondent commenced this proceeding under CPLR article 78 to review and annul the Commissioner's order, alleging that section 1220 and subdivision 3 of section 1242 of the Public Health Law were unconstitutional, that it was the victim of discriminatory enforcement, and that the order was arbitrary, capricious, unreasonable, and failed to contain adequate standards capable of being performed.

While this proceeding was commenced almost one year after service of the order on January 26, 1967, Special Term found that the order did not become final and binding, and thus subject to judicial review, until October 1, 1967, the last specified deadline for compliance contained in the order and that accordingly since the proceeding was commenced within four months of October 1, 1967, it was timely pursuant to subdivision 2 of section 1244 of the Public Health Law.

The general Statute of Limitations applicable to article 78 proceedings is found in CPLR 217 providing for a basic four-month limitation period in respect to relief in the nature of certiorari or mandamus — the period beginning when " the determination to be reviewed becomes final and binding " when a determination is sought to be reviewed and " after the respondent's refusal   *   *   *   to perform its duty " where it is sought to compel an officer to perform his duty (*Matter of Foy* v. *Brennan,* 285 App. Div. 669, 672–673).  However, by the opening proviso of CPLR 217, this four-month period is not applicable if " a shorter time is provided in the law authorizing the proceed-

ing " (*Matter of City Council of City of Saratoga Springs* v. *Town Bd. of Town of Greenfield*, 29 A D 2d 167). Subdivision 1 of section 1244 of the Public Health Law, a part of article 12 entitled " Water Pollution Control ", requires the dismissal of this proceeding insofar as it provides that all orders or determinations of the Commissioner shall be subject to review as provided in article 78 of the CPLR and that " application for such review must be made within sixty days after service * * * of the determination, or decision ". (Cf. *Matter of City of Rochester* v. *Ingraham*, 52 Misc 2d 814.)

Petitioner urges that subdivision 2 of said section 1244, providing for a four-month period " after the finding, determination, decision or order sought to be reviewed becomes final and binding ", controls; but said subdivision is not pertinent here because of subdivision 1 and since, by its own terms, it applies only to special proceedings therein authorized " where a review as provided by article seventy-eight of the civil practice law and rules is not maintainable, either because the person aggrieved was not a party to the original proceedings, or for any other reason ". The determination sought to be reviewed herein is maintainable pursuant to article 78 of the CPLR.

The order sought to be reviewed in this case became final and binding upon the petitioner on February 1, 1967 since that was the date by which the respondent had to cease and desist. The remaining dates were merely excuses for not so ceasing its pollution and would be relevant on the issue of timeliness only where the petitioner seeks a determination as to whether or not it has complied with such conditions and, in such an event, there would first be a further determination by the appellant as to compliance. In *Matter of Village of Whitehall* v. *Ingraham* (31 A D 2d 894) this court noted that the appellant has " the right to make, modify or cancel orders."

*Matter of Castaways Motel* v. *Schuyler* (24 N Y 2d 120, 126) is not applicable as to timeliness in the present case, since in that case there was no formal determination involved and there was, at best, ambiguity as to when the adverse determination was made.

The court might consider the constitutional issues alleged by respondent as requiring that this proceeding be treated as a declaratory judgment action. (See *Matter of Lakeland Water Dist.* v. *Onondaga County Water Auth.*, 22 N Y 2d 644.) However, the constitutionality of article 12 of the Public Health Law has already been determined (*Matter of City of Utica* v. *Water Pollution Control Bd.*, 5 N Y 2d 164), and the present petition fails to raise a substantial constitutional issue.

The order should be reversed, on the law and the facts, and the petition dismissed, with costs.

REYNOLDS, J. (dissenting). On May 6, 1966 respondent and the Village of Victor were directed to answer charges that they were discharging inadequately treated sewage and industrial wastes into Great Brook, Ontario County, in contravention of standards promulgated under article 12 of the Public Health Law. Following a hearing, the appellant made an order, pursuant to section 1223 of the Public Health Law, directing respondent to undertake certain actions and activities designed eventually to effect a more adequate treatment of discharges and industrial wastes from respondent's plant. Thereafter, on January 19, 1968, respondent commenced this proceeding under CPLR article 78 to review and annul the Commissioner's order, alleging that section 1220 and subdivision 3 of section 1242 of the Public Health Law were unconstitutional, that it was the victim of discriminatory enforcement, and that the order was arbitrary, capricious, unreasonable, and failed to contain adequate standards capable of being performed. While this proceeding was commenced almost one year after service of the order on January 26, 1967, Special Term found that the order did not become final and binding, and thus subject to judicial review, until October 1, 1967, the last specified deadline for compliance contained in the order and that accordingly since the proceeding was commenced within four months of October 1, 1967, it was timely pursuant to subivision 2 of section 1244 of the Public Health Law. I agree with Special Term. The phrase "final and binding" as utilized in subdivision 2 of section 1244 "means that the action must actually have impact on the petitioner". (8 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 7804.02, p. 78–73; *Matter of Galuppi* v. *New York State Liq. Auth.*, 12 A D 2d 987). "If the order may not affect the petitioner unless certain events occur subsequent to the determination, the period will not begin to run until those events occur. The apparent basis of this rule is that a party should not be put to the expense of challenging action which may not affect him, on pain of having his proceeding barred as untimely if it turns out that as a result of subsequent events he is affected." (8 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 7804.02, p. 78–73.) In *Matter of Castaways Motel* v. *Schuyler* (24 N Y 2d 120, 126–127), the Court of Appeals citing this commentary with approval, noted that a party should not be put in a position of having to guess when a "final and binding" determination had been made and then went on to state: "In dealing with this dilatory defense the courts should resolve an.

ambiguity created by the public body against it in order to reach a determination on the merits and not deny a party his day in court." Here the exact obligations imposed on respondent were left to future administrative action, review and approval and were thus nonfinal (*Matter of Feldman* v. *Department of State of State of N. Y.*, 28 A D 2d 1106; *Matter of Robinson* v. *Krulewitch*, 18 Misc 2d 285). The majority position in assuming that the determination had impact on the petitioner prior to October 1, 1967 overlooks this fact. Clearly further administrative review was contemplated of the engineering plans to provide for pretreatment of the waste generated by petitioner's plant before it was transmitted to the facilities maintained by the Village of Victor. The majority statement, that subdivision 1 of section 1244 controls, has no support in the legislative history. The second sentence of this subdivision, introducing the shorter statutory period, was added in 1964 (L. 1964, ch. 212), at the behest of the Department of Health (N. Y. Legis. Annual, 1964, p. 609). Its memorandum in support of the bill made no mention of any change of the usual rule that only final decisions be subject to judicial review (1964 Session Laws, p. 1000). Accordingly, the order appealed from should be affirmed.

HERLIHY, J. P., COOKE and GREENBLOTT, JJ., concur in *Per Curiam* opinion; REYNOLDS, J., dissents and votes to affirm, in an opinion. AULISI, J., not voting.

Order reversed, on the law and the facts, and petition dismissed, with costs.