Murray T. Feiden, J.
The petitioner in this article 78 CPLR proceeding seeks to annul a determination of the respondents Jerome Kretchmer, as Administrator, and the Environmental Protection Administration of the City of New York, which denied petitioner’s application for an unconditional six-month variance from certain requirements of the New York City Air Pollution Control Code (Administrative Code of City of New York, § 1403.2 et seq.) with respect to petitioner’s operation of its coal burning boiler No. 30 at the Arthur Kill generating station, and which granted instead a conditional variance designed to curb air pollution.
The petitioner seeks to transfer this proceeding to the Appellate Division for its determination in the first instance pursuant to -CPLR 7804 (.subd. [g]). That section provides that where a question specified in CPLR 7803 (subd. 4) is raised, the court shall make an order directing that the proceeding be transferred for disposition to a term of the Appellate Division. The question specified in CPLR 7803 (subd. 4) is as follows: “whether a determination made as a result of a hearing held, and at which evidence was taken, pursuant to direction by law is, on the entire record, supported by substantial evidence. ” Petitioner claims that the determination of the respondents after a hearing pursuant to direction by law is not supported by substantial evidence.
The application to transfer is opposed by the respondents, who adopt the literal meaning of the words “direction by law”. They contend that the hearing held in this matter was purely discretionary and therefore not within the purview of this section. Respondents rely on section 1403.2-3.11 (subd. [c]) of the Administrative Code of the City of New York Environmental Protection Act which provides in part that: “(c) Any person *547 seeking a variance shall do so by filing a petition for variance in a form acceptable to the administrator. * * * If the administrator, in his discretion concludes that a hearing would be advisable, or if any person files a written objection to the grant of such variance within 21 days from the publication of notice in the City Record, then a public hearing shall be held. ’ ’
The respondents argue that since no written objection was filed, the hearing was purely discretionary and hence was not a hearing by direction of law.
The petitioner argues that since there is statutory authority under the Environmental Protection Act for the Commissioner to hold a hearing as a matter of discretion, once he exercises his discretion in favor of such hearing and a judicial or quasi-judicial hearing is held at which evidence is adduced, it is a hearing within the purview of CPLR 7803 (subd. 4).
The court, therefore, is presented with this issue: Where an administrator or administrative body exercises its discretionary statutory power to hold a hearing, does the mere fact that such hearing was discretionary automatically exclude it from the orbit of CPLR 7803 (subd. 4), even whfere evidence was taken and other essentials, such as conduct of the hearing in a judicial or quasi-judicial manner, are present? Although there seems to be some ambiguity as to the type of hearing referred to in CPLR 7803 (subd. 4), a study of the decisions leads this court to the conclusion that the issue does not revolve around a determination of whether the granting of the hearing was initially a matter of discretion. Once such hearing is granted its discretionary character becomes irrelevant and the important question is whether such a hearing was one at which evidence was taken, pursuant to direction of law. In other words, if the hearing was judicial or quasi-judicial with the usual requirements of a fair hearing, it is one within the contemplation of CPLR 7803 (subd. 4). Although not stated in so many words there is some confirmation of this analysis in Matter of Caputo v. State Liq. Auth. (55 Misc 2d 229, at p. 233), which, oddly enough, has been cited by respondents.
The common misconception that a discretionary hearing does not come within CPLR 7803 (subd. 4) arises from the fact that most discretionary hearings are not of a judicial or quasi-judicial nature and the administrative determination is usually made on the personal knowledge of the administrator and ex parte investigation which are not part of the hearing. The hearing in such cases is usually only incidental. Obviously, in that type of discretionary hearing, the appellate court cannot, under CPLR 7803 (subd. 4) determine whether there was substantial evidence *548 to support the determination. Even when the hearing is mandatory the same may be true and hence not within the purview of the foregoing section. Therefore, it is the quality of the hearing and not its discretionary or mandatory nature which is determinative of whether or not a hearing was held by direction of law (see 8 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 7803.07).
Thus, in Matter of Mandelcorn v. Bruckman (18 Misc 2d 531, 534, affd. 266 App. Div. 908, affd. 292 N. Y. 543 [1944]), the court stated: “ Petitioner’s counsel * * * insists that Special Term has jurisdiction for the reason that the hearing held before the respondents was not ‘ pursuant to statutory direction ’. It is true that the Alcoholic Beverage Control Law does not require the respondents to hold a hearing on an application for a liquor-license. However, under subdivision 10 of section 17 of such law respondents are authorized to hold hearings. * * * I am of the opinion that any hearing held pursuant to authority granted by statute at which evidence was taken should be reviewed by the Appellate Division and that Special Term has no jurisdiction. ’ ’
In the recent cases of Matter of Dan’s Living Room v. State Liq. Auth. (31 A D 2d 799, affd. 25 N Y 2d 759), the Appellate Division stated: “The fact that a hearing w;as held made it mandatory that there be appellate review as to the question of substantiality of evidence -based on the entire record. Thus, the entire proceeding to review should -have been transferred to the Appellate Division, and the proceeding having reached this court it is required that it be treated as though it was fully and properly transferred. ”
The foregoing decision does not indicate whether or not the hearing in' that case was, in the first instance, discretionary. Recourse to the record on appeal discloses that the petitioners were denied renewal of a liquor license unless the licensee’s principal divested -himself of all interest by a certain date, said divestiture to be by an all cash sale. It appears from respondent’s brief in that case (at p. 27) that under subdivision 13 of rule I of the Rules of the State Liquor Authority (9 NYCRR 52.13) hearings in renewal applications are only discretionary. Subdivision 13 is as -follows: “13. Renewal Hearings. In the discretion of the Authority, hearings may also be held upon applications for renewal of licenses, under the foregoing provisions, insofar as applicable.” It, therefore, appears that the foregoing case is in point and is dispositive -of the respondents’ contentions regarding a discretionary hearing. Once the hearing is held and evidence taken, the hearing need only be judicial *549 or quasi-judicial to bring it within CPLR 7803 (subd. 4). In the instant case such requirement was met. Evidence was taken, counsel for both sides were present with opportunity for crossexaminatioji and the hearing had the elements of a fair trial.
The authorities relied upon by respondent disclose that they deal with nonevidentiary type hearings or with hearings held by an agency purely on a voluntary basis and without any statutory authority whatsoever, even of a discretionary nature.
In Matter of United States Tube & Foundry Co. v. Feinberg (7 A D 2d 591), cited by respondents, the court held that the provisions of the Public Service Law providing for a hearing under specified situations did not apply in any way to the case before it. A reading of the decision makes it clear that while the court .said that the hearing was granted as a matter of ‘ ‘ discretion ” by the Public Service Commission (p. 596), the case really involved a total lack of legal authority, discretionary or otherwise, on the part of the commission and the hearing was voluntarily granted as a matter of grace or courtesy. Matter of Metropolitan Theatre Ticket Agent Guild v. Di Carlo (48 Misc 2d 208) and Matter of Leathersich v. New York State Water Resources Comm. (57 Misc 2d 856) are likewise distinguishable. Furthermore, in the former case, the hearing was not of a judicial character, and in the latter case counsel consented to have the matter decided at Special Term. In Matter of Caputo v. State Liq. Auth. (55 Misc 2d 229, supra), also cited by respondents, the hearing granted was not the evidentiary, i.e., judicial or quasi-judicial hearing, contemplated by CPLR 7803 (subd. 4).
The proceeding is transferred for disposition to a term of the Appellate Division, Second Department. The stay is continued.