Joseph A. Suozzi, J.
In this proceeding pursuant to article 78 of the CPLR judgment is granted in favor of respondents dismissing the petition.
There are 573 petitioners in this proceeding, all of whom are teachers or clerical employees in the Plainview-Old Bethpage School District. On September 25, 1972, respondent Robert F. Savitt, Superintendent of Schools, made a determination that a work stoppage or strike was in effect-on September 6, 7, 8 and 11, 1972. By letter dated September 27, 1972 each of the petitioners was notified pursuant to .section 210 of the Civil Service Law by respondent Savitt that he determined “ you have committed a violation of Section 210(1) of the Civil Service Law by your absence from work without permission on September 6, 7, 8 and 11, 1972. This determination will be deemed to be final upon the completion of the procedures provided for in Section 210(2) of the above Law.” He also advised them of their “ right to object to this determination in accordance with Section 210(2) (h) of the above Law by filing with my office, within twenty *260 days of the date of the mailing of this notice, your sworn affidavit supported by available documentary proof containing a short and plain statement of the facts upon which you rely to show that this determination is incorrect.”
In response to that letter of September 27, 1972, each of the petitioners submitted an affidavit in which (1) objection was taken to the unilateral findings of respondent Savitt that the employees were on strike and were engaged in ah illegal action; and (2) a demand was made for an open hearing at which petitioners would be entitled to representation by counsel and an opportunity to present facts. On or about November 20, 1972 petitioners were advised by respondent Louis F. Ferrara, Acting Superintendent of Schools, that on November 2, 1972 he determined that the affidavits by petitioners failed to establish that they did not violate subdivision 1 of section 210 of the Civil Service Law and he dismissed petitiohers ’ objections.
In the first cause of action petitioners contend that the determination of respondent Ferrara dismissing their objections was arbitrary. In the second cause it is contended that the dismissal of the objections without a full hearing was a denial of petitioners’ due process rights under the Constitutions of the United States and of the State of New York. Judgment is sought vacating the determinations of respondent Ferrara and directing the latter to sustain the objections or, in the alternative, directing the chief executive officer of the school district ‘ ‘ to hold a due process hearing, which would be conducted by an impartial hearing officer.”
The petition is dismissed for the following reasons: (1) respondents followed the procedure outlined in section 210 of the Civil Service Law; (2) that procedure has been held constitutional (Matter of Sanford v. Rockefeller, 40 A D 2d 82); and (3) the 573 petitioners made no factual statement in their affidavits of objection nor have they made any statement in the petition excusing their absence from school on the dates specified (Sept. 6, 7, 8 and 11, 1972).
The statute itself (Civil Service Law, § 210, subd. 2, par. [b]) provides that “ an employee who is absent from work without permission, or who abstains wholly or in part from the full performance of his duties in his normal manner without permission, on the date or dates when a strike occurs, shall be presumed to have engaged in such strike on such date or dates.” To overcome that presumption petitioners’ affidavits of objection should have contained factual statements or documentary proof (Civil Service Law, § 210, subd. 2, par. [b]) to show that the determi *261 nation was ihcorrect, or to show at least that an issue existed which merited a hearing. The affidavits did not contain the factual statements required by statute, and the petition does not contain a factual statement warranting a trial in this court (CPLR 7804, subd. [h]). It may not be held that respondents were arbitrary in making the determination, or that petitioners were unconstitutionally denied a public hearing.