Bertram Harnett, J.
Required transfer to the Appellate Division of article 78 proceedings contesting Taylor Law (Oivil Service Law, art. 14) disciplinary hearings is the question here. It is a pertinent one, both because of the relatively sparse authority and the potentially large burden of cases. Indeed, this very proceeding is the test case for 38 more in one Farmingdale school district dispute.
The petitioner, Myrna Kaplan, is a teacher in the Farming-dale Public Schools who has been determined, after a hearing, to have participated in an illegal strike in March, 1972, and has been docked one day’s pay for the time she was absent from teaching. She challenges the determination as being “ contrary to the evidence * * * illegal, arbitrary and capricious ”, contending that her absence was shown to have been because of sickness.
This court has before it nine other such proceedings involving the individual cases of different teachers involved in the same incident, each claiming illness reasons for their absences during the strike. The attorneys advise that 29 more proceedings are pending, brought by other teachers in this district, in later sessions of Special Term so as to stagger the load, all disputing similar déterminations made after hearings.
Ordinarily, where arbitrariness, abuse of discretion, or illegality is raised, the Special Term of the Supreme Court *509 adjudicates article 78 proceedings. However, subdivision (g) of CPLR 7804 requires Special Term to transfer to the Appellate Division proceedings in which ‘ ‘ an issue specified in question four of section 7803 ” is raised. Subdivision 4 of CPLR 7803' enumerates one of four questions raisable in an article 78 proceeding: ‘‘ whether a determination made as a result of a hearing held, and at which evidence ivas taken, pursuant to direction by law is, on the entire record, supported by substantial evidence”. (Emphasis supplied.)
Although petitioner claims the conduct against her was arbitrary and illegal, she also contends that the determination here was unsupported by the evidence. • Even if there are other points involved, once a subdivision 4 of CPLR 7803 question of substantial evidence is adjudged to be present, the entire matter must be transferred to the Appellate Division. (See Matter of Mistler v. Tofany, 39 A D 2d 710.)
The hearing here was held under the statutory mandate of the Taylor Law. Section 210 (subd. 2, par. [h]) of the Civil Service Law requires a hearing in the event there is a dispute of fact as to statutory violation by individual public employees. While providing for review of the determination-after-hearing by way of an article 78 proceeding, the statute makes no reference to the transfer question. The fate of these proceedings must, then, be resolved by reference to the general principles of transferability under article 78.
Traditional labeling of the hearing as “mandatory” or “ discretionary ” is not helpful in determining the presence of a subdivision 4 of CPLR 7803 question. The litmus of transferability is the nature of the hearing, rather than the compulsion of its being held. There must plainly be some legal requirement of a hearing with evidence being taken, and an “entire record” produced. We agree with the rationale of Matter of Consolidated Edison Co. v. Kretchmer (68 Misc 2d 545), that the degree of procedural protection and the opportunity to present, and contest, evidence at the hearing determine whether a dispute over substantial evidence presented there must be transferred to the Appellate Division.
A proceeding transferred to the Appellate Division is adjudicated essentially upon the record. (Cf. CPLR 7804, subd. [h].) Where a petitioning party is to be so “ locked in” to the record, the prior hearing should have sufficient safeguards and formahties to warrant such total reliance and exclusion of further evidence or hearing in the judicial review stage. (See Matter of London Sporting Club v. Helfand, 3 Misc 2d 431, *510 affd. 6 A D 2d 775.) While technical rules of evidence may bé disregarded in a formal ‘‘ trial-type ’ ’ hearing requiring transfer, the essential elements of a fair trial must be observed, including opportunity to cross-examine witnesses and to inspect documents and to offer rebuttal evidence. (Matter of Hecht v. Monaghan, 307 N. Y. 461, 470.) The less formal and rigorous are the hearing procedures, the more need there is for a de novo factual presentation in Special Term, as justice may require. (Matter of Iona Coll. v. Nyquist, 65 Misc 2d 329; Matter of Leathersich v. New York State Water Resources Comm., 57 Misc 2d 856, 859; see 8 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 7803.07, 7804.09.)
The Taylor Law does not set out the type of hearing that must be held where individual public employees contest payroll deductions. It simply .states that the public employer, upon determining that a material question of fact is presented by the public employee’s affidavit contesting a Taylor Law sanction imposed, “ shall appoint a hearing officer to determine whether in fact the employee did violate [the Taylor Law] after a hearing at which such employee shall bear the burden of proof ”. There are no prescribed procedures, either in the statute, or any regulation. (Cf. Matter of Greenburgh No. 11 Federation of Teachers v. Helsby, 41 A D 2d 329; 4 NYCRR 201.9.)
Nonetheless, the hearings here are precedent to punishment and necessarily partake of a quasi-judicial nature.
The Farmingdale teachers were notified of their individual hearing dates. The school board and the teachers each were represented at the hearing by counsel. Direct and cross-examinations were allowed and documentary evidence was received. Briefs were also submitted and accepted. A verbatim transcript was kept of each hearing, a copy of Mrs. Kaplan’s being attached to the petition.
On September 20, 1973, a decision was rendered in each of the individual cases as to whether the statutory presumption had been sufficiently rebutted. Actually, the decision for all the teachers was one aggregate document written in both collective and individualized form. '
In deciding that a strike did, in fact, take place in the school, the hearing officer analyzed the school situation generally from evidence and briefs presented by the school, the New York State United Teachers Association, and the Farmingdale Classroom Teachers Association, and applied his finding generally to all teachers. Each teacher charged was given an opportunity to rebut the presumption of the Taylor Law (Civil *511 Service Law, § 210, subd. 2, par. [b]), that any employee “ who is absent from work without permission * * * on the date or dates when a strike occurs, shall be presumed to have engaged in such strike ”. In the decision some teachers were exonerated, others were not. The court holds that these hearing procedures were quasi-judicial. They were held pursuant to direction of law. The basic trial protections were observed, and full opportunity to present evidence and to cross-examine was presented. The record and decision are sufficiently complete.
Mrs. Kaplan argues that the evidence she presented at the hearing of her excuse for being absent was unrebutted and, therefore, “no evidence ” is on the record to support the determination made. But, this is but one variation of the “ substantial evidence ” issue. She does not challenge the hearing officer’s determination that a strike took place, but contests only, as “ contrary to the evidence ” the decision that a valid reason was not shown for her being absent. The statute, section 210 (subd. 2, par. [b]) of the Civil Service Law, creates a prima facie presumption of strike participation for teachers absent when the strike is deemed to happen. This procedure, and the presumption have been upheld as constitutional. (Matter of Sanford v. Rockefeller, 40 A D 2d 82, 85-86, affd. 32 N Y 2d 788, app. pending — U. S. —; 38 L. Ed. 2d 736; Matter of Kiernan v. Bronstein, 73 Misc 2d 629; see Matter of Smyle v. Savitt, 73 Misc 2d 259.) The question upon review is the sufficiency of rebuttal evidence, in essence, whether there is substantial evidence upon the record to support the determination that the teacher did not overcome the statutory presumption. (See Matter of DiMaggio v. Brown, 19 N Y 2d 283, 287.) That issue comes within subdivision 4 of CPLR 7803, and, therefore, requires transfer of the entire proceeding to the Appellate Division under subdivision (g) of CPLR 7804.
While the ultimate number of such eases may prove burdensome to the Appellate Divisions, it would appear that the Legislature has, in fact, created that potential.