Harold R. Soden, J.
Respondents object in point of law and move to dismiss (CPLR 7804, subd [f]; CPLR 3211, subd [a]) 9 of 15 of petitioner’s causes of action stated in a verified petition dated and served on June 6, 1975. Petitioner seeks review of and declaratory judgment concerning defendant-respondent Adirondack Park Agency’s (APA) January 10, 1975 "decision and order” and defendant-respondent’s, Department of Environmental Conservation (En Con) April 8, 1975, October 24, 1973 and February 8, 1974 "decisions”. The parties appeared and argued at Special Term in the Village of Elizabethtown, County of Essex, on July 8, 1975. The matter was "finally submitted” on August 1, 1975.
BACKGROUND FACTS
Petitioner owns and plans to develop approximately 3,500 acres located in the Town of Franklin, County of Franklin, State of New York (the project). Petitioner has already received the required regulatory agencies’ approvals for, has *688 marketed and has sold 109 building lots. The total number of new dwelling units proposed for the project site is 914.
On April 4, 1973, petitioner filed an application with En Con for approval of a public water supply and distribution system for the project. The department issued an interim decision (Oct. 24, 1973) authorizing the construction of a portion of the water supply system subject to conditions. Condition "O” reads: "Prior to further consideration of the application to construct the water supply and distribution system and provide water service to Sections 2 thru 6, the applicant shall submit an overall conceptual report and environmental impact assessment for the proposed project The Department will reopen these proceedings to consider the total project pursuant to Section 615.4 of Title 6 of the Official Compiliation of the Codes, Rules and Regulations of the State of New York and before the final decision is rendered hold a joint hearing in conjunction with the Adirondack Park Agency upon the applicant’s anticipated application to that agency.” (Emphasis added.)
On January 30, 1973, the Assistant Director of respondent APA confirmed in a letter to petitioner’s president, Mr. Anthony D’Elia, the APA’s December 21, 1972 determination to "conceptually review” (see Adirondack Park Agency Act [Act], § 809, subd 13, par d [Executive Law, art 27]; 9 NYCRR 581.5 [a]-[f]) the entire project before approval of any additional sections of the planned subdivision. In a November 8, 1973 letter with several exhibits, Mr. D’Elia specifically applied to the APA for "general master plan concept approval”.
By April, 1974, petitioner had completed its extensive submissions to both respondents, including a SPDES application (State Pollution Discharge Elimination System) filed with En Con on January 24, 1974. Respondents then determined "it would be in the best interest of both agencies and the general public to hold a combined public hearing”. The hearing was duly noticed in the Adirondack Daily Enterprise on May 6 and 16, 1974. The notice listed the following jurisdictional bases for the respondents: (1) APA — Act (§ 809); (2) ECL (art 15, tit 5, 15 and 9, and art 17; 6 NYCRR Part 615 and Part 653; Federal Water Pollution Control Act, Amendments of 1972 [Public Law 92-500; US Code, tit 33, §§ 1251-1376]). The notice further stated that "the entire project is subject to conceptual review”.
The hearing was held in Ray Brook beginning on June 4, *689 1974 and continued on June 5, 6, 7, 25, 26, 27 and 28; July 16, 17, 18, 19, 23, 24, 25, 26; August 27, 28, 29, 30; September 3, 4, 5, 6, 11, 13, 27; and October 1, 1974. The entire hearing transcript of 4,633 pages was available on November 6, 1974; all briefs and reply beiefs were filed by December 17, 1974.
Respondent APA’s decision includes: 23 findings of fact and five conclusions of law; grants conceptual approval to the project subject to 27 separately numbered conditions; premises the APA’s jurisdiction on facts found and section 810 of the Act and 9 NYCRR 581.2 [c] and applies the criteria listed in the Adirondack Park Agency Act (§ 809, subd 10, pars a-e).
Respondent En Con’s decision includes: 98 findings of fact and 26 "conclusions and recommendations”; approves the project as modified by 27 separate conditions; reiterates the above-quoted jurisdictional basis and applies ECL (§§ 1-0101, 3-0301, 15-0101, 15-0105, 17-0101 and 17-0103).
PLEADINGS
The petition states 15 causes of action: 1 thru 6 against defendant-respondent APA and 7 thru 15 against defendant-respondent En Con.
The following numbered causes of action assert the following respective claims:
1. That the APA’s demand that petitioner apply for conceptual review (see 9 NYCRR 581.5 [f]), and participate in the hearing was in excess of jurisdiction. Petitioner never intended to apply for conceptual review but was compelled to do so by the APA contrary to its own rules and regulations which provide for conceptual review only at the project sponsor’s request. Petitioner further contends that the above regulation exceeds the legal authority granted by the act. (Note: While conceptual review for "large scale” projects is initiated by the project’s sponsor [see 9 NYCRR 581.5 (f)), the Act [§ 809, subd 13, par d] authorizes the Agency to deem sectional project permit applications incomplete if they do not include sufficient information as to the conceptual design of the over-all project. See, also, 9 NYCRR 581.5 [a] [1].)
2. The 27 conditions were imposed in excess of jurisdiction because the decisions granted no permit (see Act, § 809, subd 13, pars a-c).
3. The imposition of nine conditions exceeded the proper exercise of the police power.
*690 4. The above imposition was arbitrary, capricious, an abuse of discretion and a violation of lawful procedure.
5. The nine conditions and findings underlying them are not on the entire record supported by substantial evidence.
6. The court should render a declaratory judgment invalidating paragraph d of subdivision 13 of section 809 of the Act and 9 NYCRR 581.5 as improper exercise of the police power, a taking without compensation and a violation of right to equal protection under the law.
7. The court should render a declaratory judgment "that the decision of the Department of Environmental Conservation as rendered by the department is illegal because the commissioner and the department exceeded their lawful jurisdiction in extending the time for final decision and in failing to render a water supply decision within 90 days (see ECL, § 15-1503, subd 5) after the close of the hearing.”
9. Condition "O” in the October 23, 1973 decision of En Con was in excess of jurisdiction.
15. The court should render declaratory judgment to invalidate the Environmental Conservation laws and regulations requiring conceptual review and approval; this cause of action otherwise parallels the sixth cause of action.
The remaining causes of action are not involved in this motion to dismiss. Defendant respondents have not answered them, but are not in default (CPLR 3211, subd [f]; Siegel, Supplementary Practice Commentaries, McKinney’s Cons Laws of . NY, Book 7B, 1975-1976 Pocket Part, CPLR 3211:72, p 13; see, also, CPLR 7804, subd [f]).
Respondents argue:
1. Causes of action 1 thru 5 and 9 are time-barred (see Act, § 817 and ECL § 15-0905, both of which impose a 60-day Statute of Limitations for judicial review to be commenced; CPLR 217).
2. Causes of action 6, 7 and 15 were improperly commenced (CPLR 304); "no summons having been served, the court does not have either jurisdiction of the subject matter of said cause of action or in personam jurisdiction over said respondents”;
3. The seventh cause of action should be dismissed for the additional reason that a declaratory judgment does not lie to obtain relief specifically available under CPLR article 78;
4. The first thru sixth causes of action against all officers and employees of the Adirondack Park Agency should be *691 dismissed upon the grounds that an article 78 proceeding cannot be commenced against a general and indefinite group of people but rather can only be commenced against a specifically named person; moreover said respondents were never served with the notice of petition and petition herein and, accordingly, this court does not have personal jurisdiction over said respondents.
DECISION
(See CPLR 7804, subd [g], second sentence.)
I.
Causes of action 1 thru 5 and 9 are time-barred and therefore dismissed (Act, § 817; ECL, § 15-0905; CPLR 217). These statutes clearly express a strong legislative intent and policy: administrative determinations must be reviewed promptly. The January 10, 1975, February 8, 1974 and October 24, 1973 decisions had immediate substantive impact on petitioner. The enabling statutes for En Con and the APA make no provision for rehearing, administrative review, or administrative appeal. The above decisions were therefore "final and effective” on the date of their service upon petitioner (Matter of Karaffa v Simon, 14 AD2d 978, 979; Matter of Central School Dist. v New York State Teachers' Retirement System, 46 Misc 2d 225, 228, affd 27 AD2d 265; Matter of McDermott v Johnson, 2 NY2d 608; Matter of Weinstock v Hammond, 270 NY 64; Matter of Markert v Wilson, 284 App Div 1086).
As of the date of notice of the decisions there could be no argument that any request for review was "premature” (CPLR 7801, subd 1). Therefore, the causes of action had accrued, and the Statute of Limitations had begun to run (CPLR 203, subd [a]; Matter of Weinstock v Hammond, supra; Matter of Mark v Lang, 49 Misc 2d 736, affd 26 AD2d 621; Matter of Hall v Leonard, 260 App Div 591, 595, affd 285 NY 719).
From the exhibits, it is clear that petitioner had notice of these decisions shortly after their date of rendering. Thus, the instant case is distinguishable from Matter of Castaways Motel v Schuyler (24 NY2d 120, 126, 127): there is no ambiguity concerning when the final determinations were made.
The "interim” label on En Con’s decision does not create any ambiguity to be resolved against them, Castaways (supra). It authorizes the construction of wells and of a supply and *692 distribution system for 28 lots in the Bass Lake subdivision (section 1 of 6 project sections) subject to the conditions set forth. Condition "O” indicated that further sectional supply and distribution consideration and approval were to be preceded by the specified submissions. This decision "finally” outlined the next steps for petitioner; it had immediate impact and was immediately reviewable. The February 8, 1974 "modifying” decision, which, inter alia, allows construction of water supply and distribution system for section 2 of the project but otherwise left Condition "O” unchanged was also final, had immediate impact and was immediately reviewable. To hold that the Statute of Limitations did not begin to run on the dates petitioner received notice of these decisions would add to the developer’s burdens: judicial review at each step in the process of regulatory agency consideration and approval would be unavailable.
Petitioner’s arguments (the joint hearing constituted a joint venture and the decisions are so intertwined and interdependent as to constitute a single over-all determination) are incorrect. "The holding of joint hearings by two state agencies, each acting upon a separate application, does not toll the statute of limitations for judicial review of the earlier determination until the later determination is made”. The requirement to obtain conceptual and/or final approval from the APA is separate, distinct, and in addition to the requirement to obtain various project approvals from En Con (see Act, §§ 809, 818, subd 5; ECL, arts 15 and 17 and 6 NYCRR Parts 615 and 650). "Joint hearing” regulations are specifically authorized by the Act (see Act, § 809, subd 14, par b and promulgated [see 9 NYCRR Part 581]). Neither the statutes nor the regulations provide for a tolling or a simultaneous service of decisions as petitioner argues.
Though these "final” and "effective” decisions set forth considerations for future compliance, they were immediately reviewable because of their immediate substantative impact (Matter of Allstate Ins. Co. v Stewart, 36 AD2d 811, affd 29 NY2d 925; Matter of Smith Co. v Ingraham, 32 AD2d 188; Matter of City of Syracuse v Gibbs, 283 NY 275, 287). Future APA or En Con determinations that petitioner had, had only partially or had not actually complied with the specific conditions would indeed be reviewable. But the substance of the conditions would not be reviewable in a "compliance” review proceeding (Matter of Smith Co. v Ingraham, supra; Matter of *693 Allstate Ins. Co. v Stewart, supra). "Compliance review” would only concern the fact or degree of "compliance”.
n.
Defendant-respondents’ arguments against petitioner’s 6th and 15th causes of action are, in this court’s opinion, incorrect. Since CPLR 3017 (subd [a]) provides that "relief in the alternative or of several different types may be demanded”, pursuant to CPLR 103 (subd [c]), 104, 2001, 3001, this court holds that the 6th and 15th causes of action state an action for declaratory judgment, and the action, as of date of entry for the order pursuant to this decision, has been commenced (see Kovarsky v Housing & Development Administration, 31 NY2d 184, 191, 193; see, also, Bloom v Mayor of City of N. Y., 35 AD2d 92, 97, affd 28 NY2d 952; see, also, Boryszewski v Brydges, 37 NY2d 361).
The seventh cause of action "sounds” like an article 78 application but requests a declaratory judgment. Since it does not challenge the constitutionality of any statutes, pursuant to CPLR 103 (subd [e]) this court holds the seventh cause of action presents a request for article 78 relief. Petitioner is, of course, free to amend this claim.
III.
This court does not have in personam jurisdiction over all the employees and officers of the Adirondack Park Agency since they were not served. Therefore, causes of action "1” thru "6” are dismissed against the above defendant-respondents. Furthermore, they are neither proper nor necessary parties.
IV.
CONCLUSION
Causes of action 1 thru 5 and 9 are dismissed on the merits (CPLR 7806). This court will not treat the instant motions as a motion for summary judgment; nor will this court order an immediate trial on the issues raised on the motion (CPLR 3211, subd [c]; 7804, subd [h]): issue has not been joined and another disposition is required (7804, subd [g]).
Petitioner’s 5th and 14th causes of action clearly raise CPLR 7803 (subd 4) questions. Therefore, this court orders *694 that the proceeding (causes of action 1 to 5, 7 to 14) be transferred for disposition to the next term of the Appellate Divison, Third Department (see Matter of Emerman v Nathan, 34 AD2d 282; Matter of Dan’s Living Room v State of New York Liq. Auth., 31 AD2d 799, affd 25 NY2d 759; Matter of Consolidated Edison Co. of N.Y. v Kretchmer, 68 Misc 2d 545; Matter of Kaplan v Kinzler, 77 Misc 2d 507).
Causes of action 6 and 15 state causes of action for declaratory judgment which, as of date of entry pursuant to this decision, have been properly commenced. CPLR 103 (subd [c]) operates to give Supreme Court subject matter jurisdiction. This court declines to render a declaratory judgment at this stage of the action on the following grounds (CPLR 3001): (1) issue has not been joined; (2) the parties have not briefed the questions on the merits.
Causes of action 1 thru 6 as against respondent all officers and employees of the Adirondack Park Agency are dismissed on the merits. Cause of action 7 states a claim for article 78 relief.
Upon the stated consents of all parties and upon this court’s oral approval of the above consents at Special Term, Elizabethtown, New York, on July 8, 1975, NRDC (National Resources Defense Council) and Association were allowed full intervention pursuant to CPLR 7802 (subd [d]) in the then denominated special proceedings. Full intervention rights in the now transferred special proceedings and in the now existing declaratory judgment action, are to be continued and are hereby granted upon the papers submitted by NRDC and Association (CPLR 1012 and 1013). The court has read and considered defendant-respondent intervenor’s proposed "answer and objection in points of law” filed without a reply memorandum of law, and holds intervenors bound thereby and by the above decision.