OPINION OF THE COURT
. Norman C. Ryp, J.
issue: “public hearing” — soliloquy or dialogue?
Does “public hearing” under the New York State Urban Development Corporation Act (UDCA) (L 1968, ch 174, as amd) require the presence of a listening ear by New York State Urban Development Corporation commissioners or duly delegated agents? That is the key issue herein.
Motion Nos. 165 and 166 of the August 19,1981 calendar are consolidated for purposes of disposition.
Petitioners Mets Parking Incorporated, 250 West 41st Street Corp., Joseph Orbach, Markus Orbach and Sidney Orbach, doing business as Three-0 Realty Company (petitioners) commenced this CPLR 7803 (subd 1) proceeding against the New York State Urban Development Corporation (UDC) to compel UDC to comply with the UDCA.
Petitioners Joseph Orbach, Markus Orbach and Sidney Orbach, doing business as Three-0 Realty Company, move pursuant to CPLR 602 (subd [a]) to consolidate their action *721 (New York County Clerk’s Index No. 18232/81) with Mets Parking v New York State Urban Dev. Corp. (New York County Clerk’s Index No. 18087/81) both pending in this court.
FACTS
This matter involves UDC’s noteworthy multimillion dollar 42nd Street Development Land Use Project (project) aimed at revitalizing and redeveloping Manhattan’s Times Square area, between Broadway and Eighth Avenue, from West 40th through 43rd Streets, in the County, City and State of New York (project area). Petitioners are property owners (premises Nos. 250 West 41st St. and 263-5 West 40th St.) within the project area.
As noted above, the subject UDC project is intended to revitalize and redevelop the project area by rehabilitating or reconstructing all the properties. Previously, the City of New York and UDC entered into a memorandum of understanding, dated June 27,1980, pursuant to section 16 (subd [2], par [a]) of the UDCA. Approximately 30 meetings with various community groups were held by UDC. In February, 1981 UDC produced and distributed a project “Discussion Document” dated February 10, 1981 to the local community which was ostensibly intended to inform the public and elicit imput. Petitioners never received this document. Upon reading the Discussion Document, its Project Design Guidelines of May, 1981 and Design Guidelines Special Features Supplement, contrary to the claims of UDC, one is forced to conclude virtually all aspects of the project have been decided and that attempts to effect changes would be futile.
Notice of the public hearing held August 3, 1981 was timely made pursuant to section 16 (subd [2], par [b]) of the UDCA.
The August 3, 1981 hearing was conducted by Hearing Officer Charles Stillman, Esq., a partner of Stillman, Friedman and Shaw. Also present were James Hunter, UDC vice-president; Paul Travis, 42nd Street project director; Debra Allen, environmental consultant to New York City and UDC, all of whom spoke highly about the project but none of whom were available to respond to questions or *722 reaction to public comment. The transcript does not indicate whether or not they remained at the hearing after they made their presentations.
PARTIES CONTENTIONS
Petitioners contend respondent UDC failed to comply with the spirit and letter of the UDCA or EDPL generally by failing to co-operate with the community in planning and developing the subject project pursuant to section 16 of the UDCA and specifically refusing to conduct a public hearing as required by section 16 (subd [2], par [c]) of the UDCA. Petitioners allege that the hearing held August 3, 1981 was insufficient, as a matter of law, because a quorum of directors was not present, so that petitioners and others in the community were denied their opportunity to be “heard” by the decision makers. Petitioners request a public hearing be held in full compliance with the UDCA. In opposition, respondent generally denies petitioners’ allegations contending a hearing as required by section 16 (subd [2], par [c]) of the UDCA was held on August 3,1981; denies the required presence of a majority quorum of UDC directors is mandated by statute; contends there was extensive communication and interaction between UDC and the local community pertaining to the subject project and further alleges any delay in commencement of the subject project will cause irreparable harm.
Respondent UDC, through James R. Hunter, vice-president for economic development of UDC and project manager for the 42nd Street Development Land Use Improvement Project, estimates that holding a new public hearing would delay this project more than two months.
This court must (1) weigh the fiscal and credibility cost to respondent UDC’s project, if any, precipitated by a minimum 60-day delay against the injury to petitioners’ procedural rights and potential economic loss therefrom; and (2) determine if petitioners’ procedural statutory rights were denied by an act or omission of UDC.
THE PURPOSE, POWERS AND SCOPE OF UDC
Operations are statutorily governed by the UDC and EDPL. Subdivision (10) of section 4 of the UDCA provides “A majority of the directors of the corporation then in office *723 shall constitute a quorum for the transaction of any business or the exercise of any power or function of the corporation, except as otherwise provided in section sixteen, subdivision two, hereof. The corporation may delegate to one or more of its directors, or its officers, agents and employees, such powers and duties as it may deem proper.” Such a UDC quorum has been previously held by this court to be a majority of five of nine UDC commissioners. “The law is different for the UDC. Actions by the UDC may be undertaken at a meeting where a quorum shall consist of ‘[a], majority of the directors of the corporation then in office’”. (See New York State Urban Dev. Corp. v Vanderlex Mdse. Co., 98 Misc 2d 264, 270.) Thus, the question of whether a five-member majority quorum of directors must be present at a public hearing pursuant to section 16 of the UDCA need not be considered.
Clearly, presiding over a public hearing is a “power and duty” that can be delegated. The issue before this court is whether delegation of the task of presiding over subject hearing "was done in an improper manner, thereby avoiding UDC’s statutory obligations to afford the public a full and fair hearing.
APPLICABLE LAW
“[I]t is the quality of the hearing and not its discretionary or mandatory nature which is determinative of whether or not a hearing was held by direction of law”. (Matter of Consolidated Edison Co. of N.Y. v Kretchmer, 68 Misc 2d 545, 548.) Furthermore, a fair and open hearing is essential to the legal validity of administrative agency and maintenance of public confidence therein. (Morgan v United States, 304 US 1; see, also, Forest Hills Residents Assn. v New York City Housing Auth., 69 Misc 2d 42.)
As defined by Webster’s New Twentieth Century Dictionary (Unabridged 2d ed [1979], p 826, col 2) a hearing is “an audience; attention to what is delivered; opportunity to be heard.”
UDC in this instance gave petitioners and the public an opportunity to speak but sent no one to listen. In a literal sense, petitioners were not heard.
*724 As recognized by Mr. Stillman himself, he is neither a director, agent, officer or employee of UDC. As set forth below, his functions were limited to overseeing the orderly presentation of community views, observing that a written record of a transcript was made, transcribed and delivered, receiving and transmitting questions and any written comments to UDC.
“My responsibility as presiding officer is to keep a record of what is said and what is presented here today, including any written statements or other documents you wish to submit, and then to transmit the record of this proceeding to the New York State Urban Development Corporation for its consideration prior to taking further action.
“mr. Orleans: I don’t really have a prepared paper or any statement whatever. I had hoped to ask a couple of questions. I don’t know if it’s appropriate to address them to you. You seem to be only hired for the day, no offense intended.
“the hearing officer: Kind of like a day worker. I am simply here to take what you have to give me and I just pass it along. I’m not for this or against this. If you have some questions what I suggest you do is that you write them down and we’ll wait until you finish them. If you give them to me, I will give them to somebody at UDC and they’ll answer your questions.” (Emphasis added.)
Although questions were raised and submitted to Mr. Stillman, the answers were not included in subject motion papers. The procedures implemented herein by UDC for questioning were clearly structured to discourage questioning. No time frame or opportunity is given for a response from UDC or the name or title of a knowledgeable person who will respond or where to direct requests for further clarification. A delayed, private written response is deficient in quality from an immediate answer at a public hearing which might evoke further questions and comments and inform all persons in attendance, and defeats the purpose of a public hearing.
CONCLUSIONS
By reason of the foregoing, the court concludes that (1) petitioners’ statutory procedural rights to a full, fair public *725 hearing pursuant to section 16 (subd [2], par [c]) of the UDCA were denied; (2) respondent UDC improperly exercised its power to delegate by failing to appoint a person or persons, either director(s), agent(s), employee(s) or officer(s) of UDC who possessed detailed knowledge about subject project and was (were) authorized to hear and respond on behalf of UDC in a manner consistent with the fundamental purpose for holding a public hearing; (3) upon balancing the equities, including the enormous benefit to be derived from subject project, this court concludes the procedural rights of petitioners cannot be overlooked.
It appears from the papers submitted herein, including petitioners’ contentions that the issues of whether respondent UDC solicited community imput or fostered local participation in the planning and development of subject project can be resolved and satisfied by holding a new “public hearing”, as set forth hereinabove.
Accordingly, petitioners’ motions are granted to the extent set forth herein below:
Motions to consolidate pursuant to CPLR 602 is granted upon consent. Petitioners’ CPLR 7803 (subd 1) petition is granted to the extent of directing respondent UDC to promptly hold another public hearing on this project as quickly as possible in full compliance with section 16 of the UDCA, giving notice pursuant to section 16 (subd [2], par [b]) and holding the record open for 30 days thereafter pursuant to section 16 (subd [2], par [d]).